Eddie MARTINEZ, Plaintiff–Appellant,

v.

Gary JOHNSON, Governor, State of New Mexico; Robert J. Perry, Secretary of Corrections; State of New Mexico; New Mexico Department of Corrections, Defendants–Appellees.

No. 01–2194.

United States Court of Appeals, Tenth Circuit.

Feb. 7, 2002.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

## ORDER AND JUDGMENT**

PAUL KELLY, JR., Circuit Judge.

Mr. Eddie Martinez, a state prisoner proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Martinez's § 1983 claim seeks damages and equitable relief, alleging, first, that defendants violated certain state statutes and contract requirements by housing state prisoners in privately-owned county correctional facilities. He further alleges that the law libraries in these facilities have been closed and that his mail is being censored, thereby depriving him of access to the courts. These actions, Martinez claims, violated his rights under the First, Fifth, and Fourteenth Amendments. The district court dismissed all claims under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. Pro. 12(b)(6).

▮ Mr. Martinez has no constitutional right to placement in a particular penal institution, private or public. *Rael v.*

*Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir.1992). Further, Martinez's allegations that defendants violated state laws and contract provisions do not include an allegation of a violation of a federally protected right, and therefore, this portion of the complaint was rightfully dismissed. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Further, Martinez's failure to "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), or otherwise allege active interference with his preparation and filing of legal documents, *id.* at 350, warrants dismissal of his claim that defendants' failure to provide a library denied him access to the courts. Martinez's claim that his mail is being censored also was rightly dismissed for failing to show "relevant actual injury." *Lewis*, 518 U.S. at 351.

Finally, Martinez's allegations of retaliation are insufficient. He alleges no "specific facts showing retaliation because of the exercise of [his] constitutional rights," *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (quotation omitted).

For substantially those reasons set forth in the district court's order dated May 22, 2001, I R. Doc. 6, we AFFIRM the judgment of the district court.

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.